Jie Li, Esq. (State Bar No. 297094)
MOBILE GENERAL COUNSEL PLLC
322 S. Michigan Ave.
Chicago, IL 60604
(312)880-8518
*jane@mobilegeneralcounsel.com*

Attorneys for Plaintiff Speak Your Way To Cash LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPEAK YOUR WAY TO CASH LLC, an Illinois Limited Liability Company<br><br>        Plaintiff,<br><br>    vs.<br><br>Ally Kennedy, an individual; EMPOWERED MARKETING PRODUCTIONS LLC, a California Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>        Defendant. | Case No.:  **'26 CV 4304 GPC AHG**<br><br>**COMPLAINT FOR DAMAGE**<br><br>1. **Federal Trademark Infringement in Violation of 15 U.S.C. § 1114**<br>2. **False Designation of Origin, Unfair Competition & False Endorsement Under 15 U.S.C. §1125(a)**<br>3. **Federal Trade Dress Infringement Under 15 U.S.C. § 1125(a)**<br>4. **Common Law Trademark Infringement & Unfair Competition**<br>5. **Trademark Infringement in Violation of Cal. Business & Professions Code §14200, *et seq.***<br>6. **Trademark Dilution in Violation of Cal. Business & Professions Code §14200, *et seq.*** |

1
COMPLAINT

7. **Violation of Cal. Business & Professions Code §§17200,** *et seq.*
8. **Intentional Interference with Prospective Economic Advantage**

**Jury Trial Demanded**

Plaintiff Speak Your Way To Cash LLC by and through the undersigned counsel, complain and allege as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, unfair competition, false endorsement, and trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), together with related California statutory and common-law claims, arising from Defendants' unauthorized use of

2
COMPLAINT

the confusingly similar designation "SPEAK YOUR WAY TO WEALTH" and closely imitative trade dress for services that directly compete with Plaintiff's federally registered SPEAK YOUR WAY TO CASH® mark and related "[VERB] YOUR WAY TO CASH" family of marks.

2.      Plaintiff owns a family of federally registered marks built on the distinctive "[VERB] YOUR WAY TO CASH" construction, including the SPEAK YOUR WAY TO CASH®, and its associated brands incorporating SPEAK YOUR WAY TO CASH and a family of "[Verb] YOUR WAY TO CASH" marks (collectively, "SYWTC Marks"). Plaintiff uses these marks in connection with coaching, masterminds, courses, podcasts, live events, and paid communities that teach experts and entrepreneurs how to use speaking and live events to sell high-ticket offers. Through the live events and programs featuring SPEAK YOUR WAY TO CASH® and the SYWTC Marks, Plaintiff specifically teach clients how to structure, market, and monetize high-ticket sales from events, such as conferences, tours, and VIP days, and Defendant's infringing conduct targets that same niche.

3.      Since at least 2018, Plaintiff have invested heavily in building and promoting the SPEAK YOUR WAY TO CASH® brand and the "SYWTC Marks", including over $1,000,000 in paid Facebook/Meta advertising, tens of thousands of dollars in Google ads, and hundreds of thousands of dollars in organic brand-building through social-media content, public relations, podcast production, team

3
COMPLAINT

support, and live tours and conferences. This multi-million-dollar investment has created substantial nationwide goodwill and consumer recognition in the SPEAK YOUR WAY TO CASH® brand and the SYWTC Marks.

4.  Defendant had direct knowledge of and access to Plaintiff's brand: she joined Plaintiff's paid community, solicited Plaintiff's books, and attended Plaintiff's live keynote speech. With that knowledge, Defendant adopted "SPEAK YOUR WAY TO WEALTH" as the title of a book, the name of podcasts, a dedicated social-media account, and a coaching program aimed at the very same audience and sold through the very same channels.

5.  This case arises from a sophisticated scheme by Defendant Ally Kennedy, a self-proclaimed multi-million-dollar business and speaking coach, to infiltrate Plaintiff's paid community and brand ecosystem and to adopt a confusingly similar mark and trade dress, "SPEAK YOUR WAY TO WEALTH", as the centerpiece of her own sales funnel. Defendant uses the infringing designation not only on a book and podcast, but as a lead magnet to divert the same target audience of women entrepreneurs, speakers, and coaches into her high-ticket coaching programs, masterminds, VIP days, certifications, and live events, thereby monetizing the goodwill Plaintiff have built over years of substantial investment.

6.  Defendant acknowledged Plaintiff's intellectual property and the risk of "confusion in the marketplace," yet after receiving two cease-and-desist notices initially ignored those demands and has continued to display and profit from the

infringing designation across her book, podcast, social-media accounts, and sales funnels. Plaintiff bring this action to enjoin Defendant's willful infringement and to recover (a) Plaintiff's damages; and (b) a full accounting and disgorgement of all profits and revenues Defendants have generated through the infringing "Speak Your Way To Wealth" funnels, including, without limitation, book and audiobook sales, podcast revenues, and all high-ticket coaching, mastermind, course, certification, VIP day, and live-event revenue derived from customers acquired through the infringing brand.

## THE PARTIES

7.      Plaintiff Speak Your Way To Cash LLC (hereinafter "SYWTC") is an Limited Liability Company organized under the laws of the State of Illinois, with its principal place of business located in the State of Illinois. SYWTC operates a nationally recognized education, coaching, and live-events business under the SPEAK YOUR WAY TO CASH® brand and related federally registered trademarks as identified below, serving entrepreneurs, speakers, coaches, and authors who seek to use speaking and events to sell high-ticket offers. The sole member of SYWTC, Ashley N. Kirkwood, is an individual and a citizen of the State of Georgia. Ms. Kirkwood is a federal trial attorney, nationally recognized keynote speaker, author, and business coach who teaches experts, authors, and entrepreneurs, especially women, how to monetize their voice and use persuasive speaking to sell high-ticket offers to corporate and other clients ethically. She

COMPLAINT

created and grew the SPEAK YOUR WAY TO CASH® brand to provide education, coaching, and live-event experiences that show her audience how to build up the skillsets in public speaking, sales, marketing, public relations, and business operation. On or about June 23, 2026, Ms. Kirkwood, as the sole member and founder of SYWTC, assigned all her rights and interests in the SPEAK YOUR WAY TO CASH® mark to SYWTC in written contract and the assignment has been filed with the United States Patent and Trademark Office (the "USPTO") on June 24, 2026.

8.      Defendant Ally Kennedy ("Ms. Kennedy") is an individual who, on information and belief, resides in and is domiciled in San Diego, California, and does business under the names "Wealthy Speaker" and "Wealthy Speaker World". Ms. Kennedy holds herself out as a high-level speaking and business coach, publicly touting "$9M in high ticket sales," an "$7M high ticket sales" book, and individual "$50,000 days," "$87K Day", "$10K Day", ""$18K Day", "$15K Day", "$25K Day", and a "$25K VIP Weekends" which she promotes on the "Speak Your Way to Wealth" sales page and her social-media channels. She teaches entrepreneurs, primarily women business owners and coaches, to use speaking and live events to sell high-ticket offers, which are the same core services Plaintiff provides under the SPEAK YOUR WAY TO CASH® brand and SYWTC Marks.

9.      Defendant Empowered Marketing Productions LLC ("Empowered"), on information and belief, is a Limited Liability Company with its principal place of

COMPLAINT

business in San Diego, California. On information and belief, Ms. Kennedy is Empowered's managing member and registered agent, and Empowered is the entity through which she owns and promotes the "Wealthy Speaker" and "Speak Your Way to Wealth" brands and funnels that are the subject of this action.

10.     Does 1 through 10, whose identities and addresses are unknown to Plaintiff, are individuals and/or corporate entities that participated with, aided, abetted, and/or profited from the infringing "Speak Your Way To Wealth" funnels, and engaged in other unlawful activities complained herein. The Complaint will be amended, if appropriate, to include the name or names of these individuals and/or corporate entities when such information becomes available.

## JURISDICTION AND VENUE

11.     This action arises from infringement of a federally registered trademarks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and from unfair competition, false designation of origin, false endorsement, and trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), together with related claims under California statutory and common law. The Court possesses subject-matter jurisdiction over the federal claims and the related California state law claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

12.     This Court also has jurisdiction under 28 U.S.C. § 1332(a) because

7
COMPLAINT

complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff SYWTC's sole member, Ms. Ashley Kirkwood, is a citizen of Georgia, and Plaintiff SYWTC is a citizen of Illinois because it is organized under Illinois law, maintains its principal place of business in Illinois, and its sole member, Ms. Kirkwood, is domiciled in and a citizen of Georgia. Defendant Ally Kennedy is a citizen of California, and Defendant Empowered is a citizen of California because its sole member, Ally Kennedy, is domiciled in and a citizen of California. The amount in controversy, including Plaintiff's actual damages and Defendants' profits subject to disgorgement attributable to the infringing use of the infringing "SPEAK YOUR WAY TO WEALTH", exceeds $75,000, exclusive of interest and costs, and is believed to be more than $1,000,000, with the precise amount to be proven at trial.

13.    The Court possesses supplemental jurisdiction over the California State Law claims and the Common Law claims, pursuant to 28 U.S.C. §§ 1338 and 1367(a).

14.    The Court may exercise personal jurisdiction over Defendants because on information and belief, the Defendant resides in and is domiciled in California, conducts business in this District, and has committed the infringing acts complained of in and directed at this District.

15.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), as Defendant resides in this District and a substantial part of the events

8

COMPLAINT

giving rise to the claims occurred in this District.

## GENERAL FACTUAL ALLEGATIONS

### A. Plaintiff and the SPEAK YOUR WAY TO CASH® brand

16.     Ms. Ashley Kirkwood started her education and coaching business as early as about December 13, 2018, and has started using SPEAK YOUR WAY TO CASH brand since then in promoting and providing live and on-line workshops, conferences, webinars, informational sessions, classes, and events in the field of professional speaking, entrepreneurship, sales, networking, media outreach, branding, public relations, confidence, and business services.

17.     Ms. Kirkwood registered the SPEAK YOUR WAY TO CASH trademark with the USPTO on March 17, 2020, and obtained the incontestability status on May 28, 2026. A true and correct copy of the SPEAK YOUR WAY TO CASH trademark registration and the incontestability acceptance are incorporated by reference and attached as **Exhibit A** to this Complaint.

18.     On or about May 13, 2019, Ms. Kirkwood launched her SPEAK YOUR WAY TO CASH podcast on Apple podcast, providing audio and video podcast in the field of professional speaking, entrepreneurship, sales, networking, media outreach, branding, public relations, confidence, and business services.

19.     On or about June 29, 2019, Ms. Kirkwood hosted the first SPEAK YOUR WAY TO CASH live event under that name, further expanding the brand's reach

9
COMPLAINT

among entrepreneurs, speakers, and coaches nationwide. Ms. Kirkwood founded Speak Your Way To Cash LLC and she has been the sole member and CEO of SYWTC. The Plaintiff promotes and operates the coaching and educational services under the SPEAK YOUR WAY TO CASH trademark ever since. On June 23, 2026, Ms. Kirkwood assigned all her rights and interests, including all common-law rights, all applications and registrations and all rights to sue for and recover damages for past, present, and future infringement in the SPEAK YOUR WAY TO CASH® trademark to SYWTC and the assignment is filed with the USPTO on June 24, 2026. (**Exhibit A - SPEAK YOUR WAY TO CASH® Registration, Section 8/15 Status, and Assignment)**

20.     With the services growing and scaling, SYWTC has registered a family of trademarks incorporating SPEAK YOUR WAY TO CASH® in relations with the coaching and educational services and video podcasts, including: SPEAK YOUR WAY TO CA$H (Registration No. 7015861), SPEAK YOUR WAY TO CASH PRESENTS THE BLACK WOMEN'S SALES SUMMIT (Registration No. 7169737), SPEAK YOUR WAY TO CASH LUXE MASTERMIND (Registration No. 8170252), SPEAK YOUR WAY TO CASH ELITE MASTERMIND(Registration No. 7475933 ), and SPEAK YOUR WAY TO CASH RESURGENCE TOUR(Registration No. 7774976). In addition, SYWTC also applied and registered a series of trademarks in featuring "[Verb] YOUR WAY TO CASH" in relations with the coaching and educational services and

video podcasts, including: THINK YOUR WAY TO CASH (Registration No. 7458571 ), MARKET YOUR WAY TO CASH (Registration No. 7476300 ), LAUNCH YOUR WAY TO CASH  (Registration No. 7476634 ) , SELL YOUR WAY TO CASH (Registration No. 7476634) , ACT YOUR WAY TO CASH (Registration No. 6971111) , and PITCH YOUR WAY TO CASH (Registration No. 7160262). The above trademarks owned by SYWTC are collectively referred as the "SYWTC Marks" and their registration certificates are incorporated by reference and attached as **Exhibit B** to this Complaint. (**Exhibit B – Registration Certificates of SYWTC Marks**)

21.    In the series of SPEAK YOUR WAY TO CASH® events, live conferences, and coaching programs featuring the SYWTC Marks, such as the SPEAK YOUR WAY TO CASH RESURGENCE TOUR and SPEAK YOUR WAY TO CASH PRESENTS THE BLACK WOMEN'S SALES SUMMIT, and related "[Verb] YOUR WAY TO CASH" programs, Plaintiff teach clients how to design, market, and execute high-ticket sales generated from live events, tours, and VIP experiences, including detailed frameworks for event-based funnels and high-ticket offers sold from the stage.

### B.  Plaintiff's Goodwill and Trade Dress

22.    Plaintiff continuously and consistently using SPEAK YOUR WAY TO CASH® and the SYWTC Marks through stage appearances, books, masterminds, a paid community, and live events, which developed substantial goodwill and

11
COMPLAINT

consumer recognition in the SYWTC Marks nationwide. The SPEAK YOUR WAY TO CASH® mark and the SYWTC Marks are distinctive, commercially strong, and widely recognized among entrepreneurs, professional speakers, coaches, consultants, and women business owners who use speaking and live events to sell high-ticket offers. Through years of continuous use, live conferences, multi-city tours, mastermind programs, podcasting, and substantial advertising investments, these marks have come to signify Plaintiff as the sole source of the associated coaching, educational, and event services in this niche market.Plaintiff has sustained nationwide advertising expenditures exceeding $1,000,000 in paid Facebook/Meta advertising, tens of thousands of dollars in Google ads, and hundreds of thousands of dollars in organic brand-building efforts of SPEAK YOUR WAY TO CASH® mark and the SYWTC Marks.

23.     As a result of the extensive, exclusive, and continued use of the SPEAK YOUR WAY TO CASH® and the SYWTC Marks in connection with the coaching services and video podcast, consumers have come to recognize and identify SPEAK YOUR WAY TO CASH®  and SYWTC Marks as iconic high-quality business coaching program in the field of professional speaking, entrepreneurship, sales, networking, media outreach, branding, public relations, confidence, and business services. SPEAK YOUR WAY TO CASH® is not only the name of SYWTC, but it has also become one of the most valuable assets of Plaintiff, as well as a symbol of goodwill and reputation. The SPEAK YOUR

COMPLAINT

WAY TO CASH® mark and the SYWTC Marks are widely recognized and highly regarded among entrepreneurs, professional speakers, coaches, consultants, and women business owners seeking to monetize expertise through speaking..

24.    The SPEAK YOUR WAY TO CASH® mark has been extensively advertised and promoted nationwide through multiple channels of trade, including social media platforms (Instagram, Facebook, YouTube), podcast networks (Apple Podcasts, Spotify), live keynote presentations at national conferences, multi-city live tours, and direct marketing to a geographically diverse audience across all fifty states.

25.    Plaintiff has engaged in substantially exclusive use of the SPEAK YOUR WAY TO CASH® mark and the broader family of SYWTC Marks in connection with public speaking, business and sales coaching services since at least December 2018, and no third party has been authorized to use confusingly similar designations in this field.

26.    The SPEAK YOUR WAY TO CASH® mark possesses a high degree of inherent distinctiveness due to its arbitrary and fanciful construction combining the imperative verb "SPEAK", the possessive phrase "YOUR WAY", and the destination noun "CASH" in a manner that creates a unique and memorable source identifier unrelated to any descriptive characteristic of the underlying coaching services.

27.    In addition to using the SPEAK YOUR WAY TO CASH® and the

COMPLAINT

SYWTC Marks, Plaintiff promotes and sells its goods and services under a distinctive and consistent trade dress reflected in Plaintiff's brand guide and webpages. That trade dress includes: (a) bold, condensed, white, all-caps lettering for major headlines; (b) tall, narrow headline letterforms using the Big Shoulders Display typeface; (c) headlines stacked across multiple lines with tight horizontal spacing between characters; (d) a black background or dark field; (e) a recurring palette built around black, white, and a golden mustard accent color; and (f) subheadings and supporting text set in Poppins Semi-Bold and Poppins Light weights. Plaintiff's brand guide specifies the fonts, color values, logo treatments, and recurring button and pattern elements used across Plaintiff's websites, promotional materials, event pages, and digital assets, and representative examples are attached as **Exhibit J**.

28.     The SYWTC Trade Dress consists of the combination of visual elements described above, used together as Plaintiff's consistent visual identity across Plaintiff's websites, book and podcast materials, event promotions, course and program marketing, and digital sales pages. In particular, Plaintiff uses Big Shoulders Display for bold, condensed headline text; stacked, tightly spaced white all-caps headlines against a black field; a black, white, and golden mustard palette; and Poppins Semi-Bold and Poppins Light for supporting text. Plaintiff's brand guide identifies the golden mustard accent color as CMYK 0 20 93 0, RGB 255 205 2, and HEX #ffcd02, and these elements are depicted in **Exhibit J**.

14
COMPLAINT

29.      Plaintiff has used the SYWTC Trade Dress continuously and prominently in commerce since at least 2019 in connection with Plaintiff's coaching services, video podcasts, books, websites, program pages, and live events. During that time, Plaintiff has implemented this same black/white/gold visual system, headline treatment, and font structure across SPEAK YOUR WAY TO CASH® properties and related "[VERB] YOUR WAY TO CASH" programs. Plaintiff has invested over $1,000,000 in paid Facebook/Meta advertising, tens of thousands of dollars in Google advertising, and hundreds of thousands of dollars in organic brand-building efforts featuring the SYWTC Trade Dress, and has reached more than 70,000 consumers and approximately 16,000 event registrants through digital content, live events, and marketing materials bearing that trade dress. As a result of this long-term, prominent, and substantially exclusive use, the relevant consuming public has come to recognize the SYWTC Trade Dress as identifying Plaintiff as the source of the associated coaching, educational, and event services.

30.      The SYWTC Trade Dress is non-functional. The specific combination of white condensed headline text, stacked all-caps formatting, black background, golden mustard accent color, and Poppins supporting text does not affect the quality, cost, or utility of Plaintiff's coaching services, educational content, books, or live events and provides no utilitarian advantage. Numerous alternative color schemes, font combinations, layouts, and spacing arrangements are readily available to competitors in the speaking and coaching industry and are commonly

15

COMPLAINT

used by them. Plaintiff does not advertise the SYWTC Trade Dress as conferring any functional or performance benefit, and Plaintiff is unaware of any utility patent covering any element of the SYWTC Trade Dress. The SYWTC Trade Dress serves solely as a source-identifying visual presentation for Plaintiff's goods and services.

### C. Defendant's Business and Infringing Misconducts

i.      **Defendant's Knowledge of and Access to Plaintiff's SPEAK YOUR WAY TO CASH® Brand**

31.     On information and belief, approximately two years ago Defendant joined Plaintiff's SPEAK YOUR WAY TO CASH® paid community, as reflected in Plaintiff's membership records, which identify "Ally Kennedy — Joined 2 years ago." Defendant also followed Ms. Kirkwood's Instagram account and engaged with Plaintiff's content and offers.  (**Exhibit C**)

32.     On or about December 25, 2025, Defendant sent Ms. Kirkwood a direct Instagram message asking whether Ms. Kirkwood's book, "Millions From The Stage," was available online, referencing a specific keyword that Plaintiff had shared during a live keynote presentation at the Funnel Hacking Live conference. On information and belief, Defendant had attended and volunteered during that keynote, as reflected in Plaintiff's screenshots of Defendant's public comment exchange thanking Ms. Kirkwood for allowing her to volunteer. Defendant's attendance, volunteering, and subsequent direct communication demonstrate her

direct knowledge of and interest in Plaintiff's brand, materials, and speaking-related offers. (**Exhibit D**)

33.     On information and belief, Defendant intended to create an association with Plaintiff's famous SPEAK YOUR WAY TO CASH® mark when she adopted "SPEAK YOUR WAY TO WEALTH" after joining Plaintiff's free community, soliciting Plaintiff's book, attending Plaintiff's live keynote, and engaging with Plaintiff's Instagram content and offers.

34.     On information and belief, Defendant subsequently hosted at least one live event branded as "Speak Your Way to Wealth," marketed to the same audience of entrepreneurs, speakers, and coaches and offering training on using speaking and events to sell high-ticket offers, in direct competition with Plaintiff. Screenshots of Defendant's event promotions and ticketing page are attached as **Exhibit E**.

35.     Upon information and belief, Defendant operates a coaching, speaker-training, and live-event business under the brand "Wealthy Speaker", through which she markets coaching programs, a paid book, live events, a certification program, and a podcast to entrepreneurs, primarily women business owners and coaches. The coaching and speaker training programs titled "Speak Your Way To Wealth" and live events targets a similar group of audience which is in direct competition with the Plaintiff's business. Screenshots of Defendant's training programs are attached as **Exhibit I**.

COMPLAINT

ii.    **Defendant's Infringing Conducts**

36.    Notwithstanding their knowledge of Plaintiff's rights, Defendants adopted and used in commerce the designation "SPEAK YOUR WAY TO WEALTH" in connection with directly competing speaking and sales-coaching services targeted at the same audience of women entrepreneurs selling high-ticket offers. (**Exhibit E**)

37.    Defendant Ally Kennedy uses "SPEAK YOUR WAY TO WEALTH" as the main title of a book published on or about August 21, 2025, "Speak Your Way to Wealth: The Art of Speaking to Sell High-Ticket Offers", and of an accompanying audiobook. (hereinafter "Defendant's Infringing Book") Defendants operate a direct-response sales page titled "Speak Your Way to Wealth," offering for sale, for $11, her Infringing Book "SPEAK YOUR WAY TO WEALTH," along with associated bonus materials ("Wealthy Speaker Workshop," "$100K Day Checklist," "The 1% Vault," and others), collectively marketed with a stated bundle value of $1,882. The sales page and materials explicitly position the book and bonuses under the brand name Speak Your Way To Wealth - making clear this is not just the name of the book, but also of the collection of courses and resources and it serves as an entry point into Defendants' "Wealthy Speaker" ecosystem, designed to lead purchasers into higher-priced coaching, mastermind, and event offerings. (**Exhibit E**)

COMPLAINT

38.    The cover of Defendants' book "SPEAK YOUR WAY TO WEALTH: The Art of Speaking to Sell High-Ticket Offers" prominently uses bold, condensed white all-caps lettering against a black background, arranged in a stacked format that closely mimics the SYWTC Trade Dress. The subtitle appears in much smaller supporting text, such that the dominant source-identifying impression of the cover is the large, stacked phrase "SPEAK YOUR WAY TO WEALTH." (**Exhibit E**)

39.    Defendants use "SPEAK YOUR WAY TO WEALTH" not only as the title of their Infringing Book, but also across a related course, podcast, event promotions, sales pages, and branded online portals. In those materials, Defendants repeatedly present bold white condensed lettering on a black background, stacked headline formatting, and a high-contrast visual hierarchy for directly competing speaking and coaching services targeted at the same audience as Plaintiff. (**Exhibit E**) Defendants' use of this highly similar designation and closely imitative trade dress in connection with an ecosystem of directly competing offerings is likely to cause confusion, mistake, or deception as to source, sponsorship, affiliation, or approval.

40.    On information and belief, Defendant's Infringing Book is marketed and used as a lead-generation funnel, directing consumers to a "claim your copy" landing page (e.g., wealthyspeakerbook.com/claim-copy) that channels readers into Defendants' higher-priced coaching, masterminds, courses, VIP days, certifications, and live events. Within the book and bonus materials, Defendant

19

COMPLAINT

repeatedly invites readers to join her "Wealthy Speaker Society" and other programs and teaches them how to use speaking and events to sell high-ticket offers, which is the very services Plaintiff provide under the SPEAK YOUR WAY TO CASH® brand. Because the Infringing Book with the prominent title "Speak Your Way To Wealth" and the infringing trade dress attract and convert these customers, the revenue Defendant earns from coaching and other downstream sales to customers acquired through the infringing book, podcast, event, and brand funnel is attributable to, and was made possible by, the infringement of the Plaintiff's SPEAK YOUR WAY TO CASH®, SYWTC Marks and SYWTC trade dress. (**Exhibits E and F**)

41.     In addition, the metadata identifies Defendants' landing page title as "Speak Your Way to Wealth." The page repeatedly uses the phrase as a standalone product/brand identifier, for example, describing the offering as "SPEAK YOUR WAY TO WEALTH (Value: $297)" within an itemized list of included bonuses, and stating "And it's exactly what you'll master inside Speak Your Way to Wealth™", notably appending a trademark (™) symbol to the phrase, in a manner that the phrase was intended to be used as a trademark by the Defendants, not just the title of a book, and was calculated to assert exclusive trademark rights in the phrase and to lead consumers to believe Defendants own or are authorized to use "Speak Your Way to Wealth" as a trademark. (**Exhibit E**)

42.     Defendants operate a podcast titled "Speak Your Way to Wealth,"

20
COMPLAINT

distributed on Apple Podcasts, Spotify, and other platforms. (See **Exhibit H**)

43.    Defendants also operate a dedicated Instagram account under the handle @speakyourwaytowealth, using the designation as a source identifier for her coaching services and directing consumers to her commercial website. Defendant Ms. Kennedy further promotes the infringing designation through her @theallykennedy Instagram and Facebook accounts and her websites, where the Defendant's Book is featured in a pinned post. (**Exhibit F**)

44.    Defendants also used "Speak Your Way to Wealth" as the title of their course that accompanies the Infringing Book, her podcast cover, and her event promotional webpage, are using the same bold white condensed lettering on a black background and stacked on a black field with tight horizontal character spacing in connection with competing coaching services targeted at the same audience is likely to cause confusion, mistake, or deception as to source, sponsorship, or affiliation. (**Exhibit E, F, and I**)

45.    "SPEAK YOUR WAY TO WEALTH" used by the Defendants is identical in structure, meaning, and overall commercial impression to Plaintiff's SPEAK YOUR WAY TO CASH trademark, with only one word difference at the end (Wealth vs. Cash). With "wealth" and "cash" being synonyms and can be used interchangeably in various contexts, this creates a highly similar commercial impression for consumers. Defendant's services, customers, marketing channels, and price points are also identical or nearly identical to Plaintiff's.

46.      Defendants' use of the infringing designation without Plaintiff's authorization or consent. In addition to the 'Speak Your Way To Wealth' book, Defendants have marketed an accompanying course titled "Speak Your Way To Wealth" and digital materials that are bundled with the Infringing Book purchase, and those materials are delivered through online portals and platforms. (**Exhibit I**)

47.      On information and belief, even after partial removal of certain infringing references in social media posts, the "Speak Your Way To Wealth" webpage, podcasts, and branded course access points remain active, and any number of customers may still be accessing infringing content using Plaintiff's distinctive marks and trade dress.

48.      Defendants have generated, and continue to generate, substantial revenue through and under the infringing "Speak Your Way to Wealth" brand. On Defendants' sales pages featuring "Wealth Speaker", "Speak Your Way to Wealth" and "Speak Your Way To Wealth Book Launch Gala", Ms. Kennedy publicly touts "$9M in high ticket sales," describes the book as an "$7M high-ticket sales" book, and claims individual "$87K day", "$10K day", "$18K Day", "$15K Day", "$25K Day", "$155K Day", "Paid $2500 to Speak on Stage", and "Selling $25K VIP Weekends." These figures are promoted on the infringing-branded channels as proof of the effectiveness of Defendants' "Speak Your Way to Wealth" funnels, and the revenues and profits attributable to customers attracted and converted through those infringing funnels are subject to disgorgement. (**Exhibit E**) All such

revenues and profits attributable to the infringing designation and associated funnels, including high-ticket coaching and event revenue from customers attracted by the infringing brand are subject to disgorgement to Plaintiff.

### iii. Actual Confusion and Marketplace Association

49.    Actual association between Defendant's "SPEAK YOUR WAY TO WEALTH" designation and Plaintiff's SPEAK YOUR WAY TO CASH® mark has occurred in the marketplace, as evidenced by at least two independent third parties who forwarded Defendant's infringing content to Plaintiff, associating that content with Plaintiff's brand, and by public commentary connecting Defendant's usage with Plaintiff and anticipated litigation. (**Exhibit K**)

50.    Defendant's use of "SPEAK YOUR WAY TO WEALTH" in connection with identical coaching services, marketed to the identical target audience through identical sales channels, is likely to blur the distinctiveness of the SPEAK YOUR WAY TO CASH® mark by creating a new and different association in consumers' minds, impairing the mark's capacity to serve as a unique identifier of Plaintiff's services and weakening the commercial magnetism Plaintiff have built through years of investment.

51.    Defendant's use of "Speak Your Way To Wealth" and closely imitative trade dress is likely to cause confusion and dilution not only of SPEAK YOUR WAY TO CASH® but of the broader SYWTC Marks, including THINK YOUR

WAY TO CASH, MARKET YOUR WAY TO CASH, LAUNCH YOUR WAY TO CASH, SELL YOUR WAY TO CASH, ACT YOUR WAY TO CASH, and PITCH YOUR WAY TO CASH, all of which operate in the same speaking- and events-based high-ticket sales niche.

### D. Notice, Acknowledgment, and Willful Continuation

52.     In direct messages to Ms. Ashley Kirkwood, Defendant acknowledged Plaintiff's rights, stating that it was "never my intention to overlap with your intellectual property or create confusion in the marketplace," and directed Plaintiff to communicate with her at ally@allykennedy.com. (**Exhibit G**)

53.     On June 19, 2026, on behalf of the Plaintiff, Ms. Ashley Kirkwood sent Defendant a written cease-and-desist demand. The defendants did not respond. On June 20, 2026, Plaintiff re-sent the cease-and-desist demand to Defendant's designated email, ally@allykennedy.com. Defendant again failed to respond in a timely manner and continued to promote the infringing brand. (**Exhibit G**)

54.     Only after public discussion of the infringement did Defendant claim she would change the name of her program and book, while simultaneously denying that any infringement or "confusion in the marketplace" had occurred. (**Exhibit L**) Despite that statement, Defendants have continued to use the infringing designation across their book listings, sales page, podcast, and pinned social-media

COMPLAINT

posts.

55.     Defendants' counsel denied the infringement by arguing that the title of the Infringing Book was not trademark use. Nonetheless, some of Defendants' infringing content were removed after their receipt of Plaintiff's cease and desist notice, though removing isolated references is not sufficient to cure the ongoing infringement.

## FIRST CAUSE OF ACTION

### Federal Trademark Infringement in Violation of 15 U.S.C. § 1114

56.     Plaintiff reallege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

57.     Plaintiff owns the valid and federally registered SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, which are entitled to the statutory presumptions of validity, ownership, and exclusive right to use. Defendant has used in commerce, without Plaintiff's consent, a reproduction, counterfeit, copy, or colorable imitation of the SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks in connection with the sale, offering for sale, distribution, and advertising of competing services, in a manner that is likely to continue cause confusion, mistake, or deception as to the source, sponsorship, or affiliation of Defendants' services, in violation of Section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

58.     As a direct and legal result of Defendants' unauthorized use of Plaintiff's SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.

59.     Defendants have sold and continue to sell her infringing book, courses, and high-ticket events bearing Plaintiff's infringing marks and trade dress, generating substantial revenues and profits from that infringing use. Plaintiff are informed and believe, and on that basis allege, that Defendants' infringement has been willful. Plaintiff are entitled to and seek an accounting and disgorgement of Defendants' profits attributable to the infringement under 15 U.S.C. § 1117(a), together with an award of Plaintiff's actual damages, in an amount to be determined at trial.

60.     Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of Plaintiff's SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks.

61.     Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

62.     As a further direct and legal result of Defendants' actions, Plaintiff has been damaged, and will continue to sustain damage, and is entitled to receive compensation arising from their lost profits and efforts necessary to minimize

26
COMPLAINT

and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

63.     Because Defendant's infringement is willful, Plaintiff is entitled to disgorge Defendants' profits derived from the infringing use and to their attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

64.     Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

65.     The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## SECOND CAUSE OF ACTION

**False Designation of Origin, Unfair Competition & False Endorsement in Violation of 15 U.S.C. § 1125(a)**

66.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

67.     Defendant's use of "SPEAK YOUR WAY TO WEALTH" that is highly similar to Plaintiff's SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, constitutes a false designation of origin and a false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff,

27
COMPLAINT

and as to the origin, sponsorship, or approval of Defendant's goods, services, and commercial activities by Plaintiff, in violation of 15 U.S.C. § 1125(a).

68.    As a direct and legal result of Defendants' unauthorized use of "SPEAK YOUR WAY TO WEALTH" that is highly similar to Plaintiff's SPEAK YOUR WAY TO CASH trademark and the SYWTC Marks, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.

69.    Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of Plaintiff's SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks.

70.    Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

71.    Because Defendant's infringement is willful, Plaintiff is entitled to disgorge Defendants' profits derived from the infringing use and to their attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

72.    Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

73.    The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

28
COMPLAINT

## THIRD CAUSE OF ACTION

### Federal Trade Dress Infringement in Violation of 15 U.S.C. § 1125(a)

74.    Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

75.    The SYWTC Trade Dress is nonfunctional and is distinctive or has acquired distinctiveness (secondary meaning) among the relevant consuming public.

76.    Defendant's willful imitation of the SYWTC Trade Dress in connection with the competing services is likely to cause confusion, mistake, or deception as to source, sponsorship, or affiliation, in violation of 15 U.S.C. § 1125(a).

77.    As a direct and legal result of Defendants' unauthorized use of Plaintiff's SYWTC Trade Dress, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation and have caused and are likely to continue to cause a loss of profits for Plaintiff.

78.    Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of SYWTC Trade Dress.

79.    Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

80.    Because Defendant's infringement is willful, Plaintiff is entitled to disgorge Defendants' profits derived from the infringing use and to their attorneys'

29
COMPLAINT

fees and costs in bringing this action, all in an amount to be proven at the time of trial.

81.     Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

82.     The damages sustained by Plaintiff because of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

## FOURTH CAUSE OF ACTION

### Common Law Trademark Infringement & Unfair Competition

83.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

84.     Plaintiff owns valid and protectable rights in the SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks at common law. Defendant's unauthorized use of a confusingly similar designation in the same field constitutes trademark infringement and unfair competition under the common law of the State of California, and has caused and will continue to cause Plaintiff injury and irreparable harm.

85.     Defendant's conduct, as alleged herein, was committed willfully, deliberately, and with full knowledge of Plaintiff's prior rights in SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, with the intent to trade

upon and unfairly benefit from the goodwill and reputation that Plaintiff have developed in SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, entitling Plaintiff to enhanced and/or punitive damages under California law.

86.    Defendant's continuing infringement has caused, and unless restrained and enjoined by this Court will continue to cause, irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law, in that monetary damages alone cannot fully compensate Plaintiff for the ongoing loss of control over SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, the erosion of consumer goodwill associated therewith, and the continuing risk of consumer confusion in the marketplace.

87.    Plaintiff is therefore entitled to injunctive relief restraining Defendant, and all persons acting in concert with Defendant, from any further use of the Infringing Mark or any other designation confusingly similar to Plaintiff's SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, as well as an award of damages, disgorgement of Defendant's profits attributable to the infringement, including all high-ticket coaching, mastermind, course, certification, VIP day, and live-event revenue from customers acquired via the infringing funnels, and such other relief as the Court deems just and proper.

COMPLAINT

## FIFTH CAUSE OF ACTION

**Trademark Infringement in Violation of Cal. Business & Professions Code §14200, et seq.**

88.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

89.     Defendant's willful, deliberate, and unauthorized use of "Speak Your Way To Wealth" in a style simulating the SYWTC trade dress has caused confusion and is likely to continue to cause confusion, mistake, and deception in that consumers are likely to associate and believe Defendants are associated with, connected to, affiliated with, authorized by, endorsed by, licensed by, and/or sponsored by Plaintiff, in violation of California Business & Professions Code § 14245(a)(1).

90.     The conduct is "unlawful" because it violates the Lanham Act and California common law; it is "unfair" because it threatens an incipient violation of trademark law and harms competition and consumers; and it is "fraudulent" because it is likely to deceive the public.

91.     As a direct and legal result of Defendants' unauthorized use of Plaintiff's SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.

92.     Defendants' actions have caused and, unless restrained and enjoined by the Court, will continue to cause irreparable harm to Plaintiff and to the public,

32

COMPLAINT

who is confused by Defendants' unauthorized use of Plaintiff's SPEAK YOUR WAY TO CASH® trademark and the SYWTC Marks.

93.     Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

94.     As a further direct and legal result of Defendants' actions, Plaintiff have been damaged, and will continue to sustain damage, and is entitled to receive compensation arising from their lost profits and efforts necessary to minimize and/or prevent customer and consumer confusion, in an amount to be proven at the time of trial.

95.     Because Defendant's infringement is willful, Plaintiff is entitled to disgorge Defendants' profits derived from the infringing use and to their attorneys' fees and costs in bringing this action, all in an amount to be proven at the time of trial.

96.     Plaintiff is further entitled to punitive damages, injunctive relief, destruction of all materials bearing "Speak Your Way to Wealth", and/or recall Defendant's Infringing Book, and to all other and further forms of relief this Court deems appropriate.

## SIXTH CAUSE OF ACTION

**Trademark Dilution in Violation of California Business & Professions Code §§14200, *et seq.***

97.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

98.     The SPEAK YOUR WAY TO CASH® mark and the SYWTC Marks are highly distinctive and commercially strong within the market for professional speaking, business coaching, entrepreneurial training, and event-based educational services. Through continuous and substantially exclusive use, extensive nationwide promotion, live events, digital content, and the expansion of the SPEAK YOUR WAY TO CASH® brand family, these marks have acquired significant goodwill and source-identifying significance in this niche market.

99.     The SPEAK YOUR WAY TO CASH® mark and the SYWTC Marks are inherently distinctive due to their arbitrary and fanciful construction, and have acquired distinctiveness through continuous and substantially exclusive use in commerce since December 2018, combined with nationwide advertising expenditures exceeding $1,000,000, extensive social media promotion, multi-city live tour appearances, podcast distribution across major platforms, and consistent branding across all consumer touchpoints.

100.     Notwithstanding Defendants' actual knowledge of Plaintiff's federal registration and common law rights in the SPEAK YOUR WAY TO CASH®

COMPLAINT

trademark and the SYWTC Marks, Defendants have commercially used, exploited reproduced, copied, or imitated the SYWTC Marks and SYWTC trade dress, in connection with the sale, offering for sale, distribution and/or advertising of exact or substantially similar business and public speaking coaching business in a manner which has caused and will likely continue to cause confusion, mistake, or deception among the purchasing public as to the source of the Defendants' coaching services. Specifically, Defendants used the highly similar "Speak Your Way To Wealth" in commerce to promote and offer for sale of the identical or substantially identical services in the same or substantially the same channel.

101.    Defendants' use of the highly similar designation "SPEAK YOUR WAY TO WEALTH" for directly competing speaking and coaching services, together with closely imitative trade dress, creates a new and competing association in the minds of consumers within this market and is likely to impair and does impair the distinctiveness of the SPEAK YOUR WAY TO CASH® mark and the broader family of SYWTC Marks, thereby lessening their ability to identify and distinguish Plaintiff's services. Defendants' use of "SPEAK YOUR WAY TO WEALTH" has resulted in an actual present injury to Plaintiff in violation of California Business & Professions Code §§ 14200, *et seq*.

102.    Defendant's use of "SPEAK YOUR WAY TO WEALTH" impairs the distinctiveness of the famous SPEAK YOUR WAY TO CASH® mark by creating a new and different association in consumers' minds. Even if consumers do not

believe Defendant's services originate from Plaintiff, the SPEAK YOUR WAY TO CASH® mark will now bring to mind two competing sources in the speaking-coaching industry, weakening the mark's capacity to identify and distinguish Plaintiff's services and diminishing its commercial magnetism.

103.    As a direct and legal result of Defendants' unauthorized use "Speak Your Way To Wealth" that is highly similar to Plaintiff's SPEAK YOUR WAY TO CASH® and the SYWTC Marks, Defendants have damaged and will continue to damage Plaintiff's goodwill and reputation, and have caused and are likely to continue to cause a loss of profits for Plaintiff.

104.    Defendants' actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of Speak Your Way To Wealth".

105.    Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Plaintiff.

106.    As a further direct and legal result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to injunctive relief in accordance with California Business & Professions Code § 14250, and to all other and further forms of relief this Court deems appropriate.

**SEVENTH CAUSE OF ACTION**

**Violation of California Business & Professions Code §§17200,** *et seq.*

36

COMPLAINT

107.    Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

108.    Defendants as alleged herein have committed acts of unfair competition, as defined by California Business and Professions Code §§ 17200, *et seq*.

109.    The acts and business practices described herein constituted and constitute a common course of unfair competition by means of unfair, unlawful, and/or fraudulent business acts or practices within the meaning of the Unfair Competition Laws ("UCL"), as well as the common law of the State of California, including, but in no way limited to, the following:

Unlawful: Defendants' acts and business practices as described above are unlawful and fraudulent on numerous grounds including, but not limited to the infringement of Plaintiff's trademark rights.

Unfair: Defendants' acts and business practices as described above are unfair since they violate California's public policy against unjustly enriching one party at the expense of another. Plaintiff's injuries resulting from the above-described conduct, in particular the use and exploitation of Plaintiff's SPEAK YOUR WAY TO CASH® and the SYWTC Marks to steal consumers is substantial; the injury is not outweighed by any offsetting consumer or competitive benefits of that practice. As set forth above, even if the conduct were not specifically unlawful, it violates the spirit or policy of the law as it has been established by statute, common law, and industry practice or otherwise.

110.    Plaintiff is entitled to restitution of any monies obtained by Defendants as a direct and legal result of the violations of the UCL and common law.

111.    The wrongful acts of Defendants as alleged herein, unless restrained and enjoined by order of this Court, will cause great and irreparable injury to the general public and to Plaintiff.

112.    Plaintiff has no adequate remedy at law for the injuries that have been or will continue to be sustained.

113.    Plaintiff has incurred, and will continue to incur, litigation expenses, as well as court costs, as a direct, proximate, and legal result of Defendants' wrongful conduct.

## EIGHTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

114.   Plaintiff realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

115.   Plaintiff has established and maintain ongoing economic relationships with current and prospective customers, including entrepreneurs, professional speakers, coaches, authors, and women business owners who purchase or are likely to purchase Plaintiff's coaching services, masterminds, courses, live events, books, and other educational offerings under the SPEAK YOUR WAY TO CASH® brand

and SYWTC Marks.

116.   These economic relationships carry a high probability of future economic benefit to Plaintiff, as evidenced by Plaintiff's established customer base, multi-million-dollar investment in brand development, recurring revenue from coaching programs and live events, and demonstrable consumer recognition and goodwill in the SPEAK YOUR WAY TO CASH® brand.

117.   Defendant had actual knowledge of Plaintiff's economic relationships with current and prospective customers in the speaking-coaching industry. Defendant joined Plaintiff's paid SPEAK YOUR WAY TO CASH® community approximately two years ago, followed Plaintiff's Instagram account, engaged with Plaintiff's content and offers, solicited Plaintiff's book "Millions from the Stage" using a unique keyword shared only during Plaintiff's live keynote presentation at Funnel Hacking Live, and attended or viewed that keynote presentation.

118.   Defendant intentionally interfered with Plaintiff's prospective economic advantage by adopting and commercially exploiting the confusingly similar designation "SPEAK YOUR WAY TO WEALTH" and by imitating the SYWTC Trade Dress in connection with directly competing speaking-coaching services, books, podcasts, live events, and high-ticket sales training marketed to the identical target audience through the identical sales channels.

119.   Defendant's interference was independently wrongful because it constitutes willful trademark infringement under the Lanham Act, trade dress infringement,

COMPLAINT

trademark dilution, unfair competition, and violations of California Business and Professions Code §§ 14200 et seq. and §§ 17200 *et seq*., as alleged in Counts I through VIII above.

120.   Defendant engaged in this conduct with the intent to disrupt Plaintiff's economic relationships and divert Plaintiff's customers to Defendant's competing "SPEAK YOUR WAY TO WEALTH" brand and "Wealthy Speaker" ecosystem. Defendant's adoption of a confusingly similar mark and trade dress after obtaining direct access to and knowledge of Plaintiff's brand demonstrates Defendant's deliberate purpose to benefit from consumer confusion and to interfere with Plaintiff's prospective customer relationships.

121.   Defendants acknowledged Plaintiff's intellectual property rights and the risk of "confusion in the marketplace," yet proceeded to use the infringing designation across her book, podcast, social media accounts, sales pages, and live events despite receiving two written cease-and-desist demands.

122.   As a direct and proximate result of Defendants' intentional interference, Plaintiff have been disrupted in their prospective economic relationships and have suffered and will continue to suffer economic harm, including lost sales, lost customer acquisition opportunities, diversion of prospective customers to Defendant's competing offerings, and erosion of goodwill and brand value.

123.   Defendants' conduct was undertaken with knowledge that it was substantially certain to interfere with Plaintiff's prospective economic advantage,

COMPLAINT

and Defendant's continued use of the infringing designation after receiving notice and acknowledgment of Plaintiff's rights demonstrates willful, malicious, and oppressive conduct justifying an award of punitive damages.

124.   Plaintiff has no adequate remedy at law to prevent Defendant from continuing to interfere with Plaintiff's prospective economic relationships and from injuring Plaintiff through ongoing customer diversion and brand dilution.

125.   Plaintiff is entitled to compensatory damages in an amount to be proven at trial, including lost profits, lost business opportunities, and diminution in the value of Plaintiff's brand and goodwill, disgorgement of all profits Defendant has earned through the interference, punitive damages, and injunctive relief restraining Defendants from further interference with Plaintiff's economic relationships.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in their favor and against the Defendants as follows:

a.   A permanent injunction prohibiting Defendants from using "SPEAK YOUR WAY TO WEALTH" or any other designation confusingly similar to SPEAK YOUR WAY TO CASH® or the SYWTC Marks, and from using trade dress that is confusingly similar to the SYWTC Trade Dress;

b.   An order requiring Defendants to deliver up for destruction or disablement all infringing products, marketing materials, online content, portals, and

other items bearing the infringing designation or confusing trade dress;

c. An accounting and disgorgement of all profits and revenues attributable to Defendants' infringing use of "SPEAK YOUR WAY TO WEALTH" and the associated confusingly similar trade dress, including profits from downstream high-ticket coaching and event sales achieved through the infringing funnels;

d. Plaintiff's actual damages, statutory damages as permitted, enhanced damages, and attorneys' fees and costs as allowed by law;  =;

e. Awarding restitution and disgorgement under California Business and Professions Code § 17200 *et seq.*;

f. Granting such other and further relief as the Court deems just and proper:

1) Awarding Plaintiff compensatory damages for intentional interference with prospective economic advantage, including lost profits, lost business opportunities, and diminution in the value of Plaintiff's brand and goodwill, in an amount to be proven at trial;

2)  Awarding Plaintiff monetary relief, including actual damages and disgorgement of Defendants' profits, in an amount to be proven at trial, anticipated to be at least seven figures, together with treble damages where permitted.

3) Granting such other and further relief as the Court deems just and proper.

COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated:  July 28, 2026

Respectfully submitted,

/s/___*Jie Li*_____

Jie Li, Esq. (State Bar No. 297094)
MOBILE GENERAL COUNSEL PLLC
*Attorneys for Speak Your Way To Cash LLC*

COMPLAINT